**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1359 |
| Plaintiff - Appellee, | D.C. No. 2:23-cr-00021-SVW-1 |
| v. | |
| ANDREW ZEPEDA HANSACK, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted December 4, 2024**
Pasadena, California

Before: OWENS, LEE, and KOH, Circuit Judges.

Andrew Zepeda Hansack appeals from the seventy-two-month sentence

imposed following his guilty plea to two counts of aiding and assisting in the

preparation of a false tax return in violation of 26 U.S.C. § 7206(2). Hansack

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

argues that his sentence was both procedurally and substantively unreasonable. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. We review Hansack's procedural-error claims for plain error because he did not raise them before the district court. *See United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). "To secure reversal under the plain error standard, [the defendant] must show that: (1) there was error; (2) the error was plain; and (3) the error affected [the defendant's] substantial rights." *Id.* If those three conditions are met, we have discretion to reverse if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation omitted). Hansack fails to show that the district court committed plain error.

Hansack argues that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(3)(B), which generally requires that "for any disputed portion of the presentence report or other controverted matter," a sentencing court "must . . . rule on the dispute[.]" Hansack argues that the district court failed to rule on his contention that criminal history category II overstated his criminal history. While Hansack urged the district court to adopt the presentence report's ("PSR") U.S. Sentencing Guidelines calculations, which included a criminal history category II, he also contended that category II overstated his criminal history.

Although the district court did not specifically discuss Hansack's contention regarding his criminal history category, the court complied with Rule 32 because, by adopting the PSR's Guidelines calculations, it overruled Hansack's contention. *See United States v. Riley*, 335 F.3d 919, 931 (9th Cir. 2003) (holding that, even though the district court did not "specifically address" the defendant's objection to the "criminal history calculation," the court's "later adopt[ion] [of] the recommendations and findings of fact of the PSR" was "sufficient to satisfy Rule 32").

Hansack also argues that the sentencing transcript fails to demonstrate whether the district court read his sentencing position or the other sentencing documents. But, there is no indication that the court did not read the sentencing documents, and Hansack cites no authority that the court must explicitly state that it read the sentencing documents.

In addition, Hansack argues that the district court failed to consider all of the 18 U.S.C. § 3553(a) factors and adequately explain its sentence choice. The district court "need not tick off each of the § 3553(a) factors to show that it has considered them," and "[w]hat constitutes a sufficient explanation" will depend upon the circumstances of the particular case. *United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

While the district court did not explicitly mention Hansack's mitigating arguments, the court noted that it had "consider[ed] the sentencing factors under section 3553(a)" including Hansack's "background" and "the nature and the circumstances of the offense." Moreover, the court adequately explained its reasons to permit meaningful appellate review. The court explained that Hansack deserved an above-Guidelines sentence because (1) it was "one of the most serious" tax preparation fraud crimes that the judge had encountered in his "many years on the bench"; and (2) there was a need to deter future tax preparation fraud by Hansack and others.

2. Finally, Hansack argues that his above-Guidelines sentence was substantively unreasonable. "[T]he substantive reasonableness of a sentence— whether objected to or not at sentencing—is reviewed for abuse of discretion." *United States v. Autery*, 555 F.3d 864, 871 (9th Cir. 2009). "[O]ur review of the substantive reasonableness of a sentence is deferential and will provide relief only in rare cases." *United States v. Ressam*, 679 F.3d 1069, 1088 (9th Cir. 2012) (en banc). "In determining substantive reasonableness, we are to consider the totality of the circumstances, including the degree of variance for a sentence imposed outside the Guidelines range." *Id.* at 1089 (quoting *Carty*, 520 F.3d at 993).

Overall, the district court acted within its discretion in sentencing Hansack to seventy-two months' imprisonment, above the Guidelines range, given the

seriousness of Hansack's tax preparation fraud, particularly the egregiousness of him continuing to engage in tax preparation fraud while on pre-sentencing release.

**AFFIRMED**.